# **EXHIBIT A**

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 300 GRAND STREET, WATERBURY, CT 06702 | ( 203 ) 591-3300 | OCTOBER 8, 2019 |

| ☒ Judicial District  ☐ G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
| ☐ Housing Session  Number: | WATERBURY | Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| NITOR V. EGBARIN, Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Fl, HTD CT 06103 | 307155 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 249-7180 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): NEGBARIN@AOL.COM

Number of Plaintiffs: 1   Number of Defendants: 2   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: OTLAAJANG MOKOBI  Address: 137 Bradley Avenue, Waterbury Connecticut 06708 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: CARECO SHORELINE INC.  Address: 396 Willets Avenue, Waterford, Connecticut 06385 | D-01 |
| Additional Defendant | Name: HELGA PFANNER  Address: 2 Ferro Court, East Lyme, Connecticut 06333 | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left: NITOR V. EGBARIN | Date signed: 09/03/2019 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date    ATTEST
Joseph C. Heap II
State Marshal
New London County

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Summary Process actions
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | | |
|---|---|---|
| **RETURN DATE: OCTOBER 8, 2019** | : | **SUPERIOR COURT** |
| **OTLAAJANG MOKOBI** | : | **JUDICIAL DISTRICT OF WATERBURY** |
| **vs.** | : | **AT WATERBURY** |
| **CARECO SHORELINE INC., and HELGA PFANNER** | : | **SEPTEMBER 3, 2019** |

## COMPLAINT

**COUNT ONE** (FLSA violation as to CareCo Shoreline Inc)

1. Plaintiff brings this action against Defendants for violating 29 U.S.C. §§ 207, 211 and 215(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq, herein called the "Act" or "FLSA," and to recover unpaid wages and liquidated damages pursuant to 29 U.S.C. §§ 215(a)(2) and 216(c). Plaintiff also brings this action pursuant to the Connecticut Wage & Hour statutes, Conn. Gen. Stat. §31-58, et seq., to recover twice the full amount of unpaid wages, interest, with costs and such reasonable attorney's fees.

2. That at all times hereinafter mentioned, the Plaintiff, Otlaajang Mokobi ("Plaintiff") was a resident of the state of Connecticut, residing at 137 Bradley Avenue, Waterbury, CT 06708, and was an employee of Defendants engaged in the business as a third-party employer who provides personal care services to Defendants' aged and infirm clients.

3. That at all times hereinafter mentioned, the Defendant, CARECO SHORELINE INC., ("CareCo or Defendant") is a Connecticut limited liability company duly licensed to do business in the state of Connecticut, having CT DCP Registration HCA.0000339, is doing business at 396 Willets Avenue, Waterford, CT, 06385 and is engaged at that place of business as a third-party employer who, through its employees, provides personal care services to its aged and infirm clients.

4. That at all times hereinafter mentioned, the Defendant, HELGA PFANNER is The president, treasurer, secretary of CareCo Shoreline Inc, ("Pfanner or Defendant") and is doing business at 396 Willets Avenue, Waterford, CT, 06385 and residing at 2 Ferro Court, East Lyme, CT, 06333, is now, and at all times hereinafter mentioned, president, treasurer and secretary and sole principal corporate officer of CareCo, and as such actively manages, supervises and directs the day-to-day business affairs and operations of said company, CareCo. Specifically, as president, treasurer and secretary and sole principal corporate officer of CareCo, Defendant Pfanner directly or through her delegates, interviewed and hired personnel, determined their rates of pay and company policies, assigned duties and answered questions from employees regarding their pay. Defendant Pfanner also directly or through her delegates determined the amount for food and lodging to deduct from the wages Sheraton's employees. As such, Pfanner acted at all times material herein directly and indirectly in the interest of CareCo, in relation to

their employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

5. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. § 217 of the Act.

6. Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 203(r) of the Act.

7. From approximately January 1, 2015 and at all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Some individual employees, including Plaintiff of said enterprise, at all times hereinafter mentioned, have, in the course of providing personal care services to the aged and inform, handled goods such as breakfast food and medications that have been moved in interstate commerce. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s) of the Act.

8. Further, said enterprise, since January 1, 2015, has had an annual gross volume

of sales made or business done in an amount not less than $500,000.00. Therefore, since January 1, 2015, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s).

9. From approximately January 1, 2015, Defendants are, and at all times hereinafter mentioned were, employing some employees, including Plaintiff who engaged in domestic service in private homes, and as such, such employees, including Plaintiff were engaged in interstate commerce per §§ 202(a) and 203(b) of the Act.

10. Defendants are, and at all times hereinafter mentioned were, employing Employees, including Plaintiff engaged in domestic service, and they are, and at all times hereinafter mentioned were, required to pay overtime to such employees per § 207(l) of the Act and 29 C.F.R. § 552.109.

11. Defendants knew or had reckless disregard for whether their conduct in 2017, 2018 and 2019 violated the provisions of §§ 207 and 215(a)(2) of the Act, by employing employees, including Plaintiff, for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which the employees were employed. In the period of October 2017 onto March 2019, Plaintiff's last day on the job, Defendants did not compensate Plaintiff for all of the hours Plaintiff worked in excess of 40 in each workweek. For example: (1) for the workweek period

ending December 15, 2018, Plaintiff worked 24 hours per day for 7 days, or 168 hours, she was paid only a flat salary of $140.00 gross per day, for the pay week, instead of $2,343.20 gross and; (2) for the workweek pay period ending, February 23, 2019, Plaintiff worked 24 hours per day, 7 days per week, or 168 hours, she was paid only a flat salary of $140.00 gross per day, for the pay week, instead of $2,343.20 gross.

12. Defendants knew or had reckless disregard for whether their conduct in 2017, 2018 and 2019 violated the provisions of §§ 207 and 215(a)(2) of the Act by taking improper deductions, resulting in a shortfall in wages to its employees, including Plaintiff, from the period December 1, 2015 and through at least March 1, 2019. After calculating the regular rate and overtime owed to its employees, Defendants deducted a certain sum of money per workweek for lodging and for food, pursuant to its Employment Agreement, from the wages of its employees, including Plaintiff, ostensibly pursuant to 29 U.S.C. § 203(m). These deductions were not supported by any records explaining the calculations for those deductions. With regard to housing, Defendants knew or had reckless disregard for whether their conduct in 2017, 2018 and 2019 violated and are violating the Act by improperly deducting from the wages of its employees, including Plaintiff the value of housing, which was not primarily for the benefit of the employee, but was for the benefit of the employer. The employees are and were on call to meet the client's needs and thus the housing served and serves the business purpose of Defendants. Additionally, with regard to food, Defendants knew or had reckless disregard

for whether their conduct in 2017, 2018 and 2019 was prohibited by the FLSA as follows: Defendants kept no records of the fair value of the meals furnished to its employees, and thus the maximum credit allowed under 29 C.F.R. § 552.100(c) was approximately $10.88 per day, instead of the sum deducted by Defendants.

13. Defendants knew or had reckless disregard for whether their conduct in 2018 and 2019 violated the provisions of §§ 211 and 215(a)(5) of the Act by failing to maintain records in two ways. First, Defendants failed to maintain and preserve records substantiating the cost of furnishing lodging and food for its 29 U.S.C. § 203(m) deduction as required by 29 C.F.R. § 516.27. Second, Defendants failed to maintain and preserve accurate records of employees' daily starting and stopping times, as required by 29 C.F.R. § 516.2(a)(7). According to Defendants' employment policy, employees are required to work round-the-clock, 24 hours per day, 7 days per week. For each shift of 24 hours or more, sleep time of eight hours is excluded and not compensated, even when the employee has been provided an adequate sleeping facility and can generally enjoy an uninterrupted night's sleep, if their sleep is interrupted by work, pursuant to Defendants' policy, so that the employee, including Plaintiff did not sleep for at least five uninterrupted hours. Some employees, including Plaintiff reported these interruptions in sleep to the Defendants but Defendants ignored these reports and failed to pay the employees, including Plaintiff for the hours worked at night. Defendants have not maintained any records to show the interruptions in sleep time that some employees

reported even though these interruptions would necessarily affect each employee's daily starting and stopping times.

14. WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of §§ 207, 211, and 215(a)(2) of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

15. Plaintiff further seeks an award of liquidated damages equal in amount to the unpaid overtime compensation owed, as specifically authorized by § 216(c) of the Act.

16. WHEREFORE, cause having been shown, Plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due Plaintiff, plus an equal amount as liquidated damages, interest, attorney's fee and costs.

**COUNT TWO** (Violation of Conn. Gen. Stat. §31-68 as to CareCo Shoreline Inc,).

1-16. Paragraphs one (1) through sixteen (16) of Count one are incorporated herein as if fully set forth.

17. That at all times hereinafter mentioned, Plaintiff was a live in, performing

caregiving services to Defendants' several aged and infirm clients, ("Patients"), at the Patients' homes in Connecticut, 24 hours/day, 7 days per week in the period October, 2017 onto March, 2019.

18. That at all times hereinafter mentioned, in addition, Plaintiff provided caregiving services to each Patient whenever each Patient needed immediate attending to, including interrupting Plaintiff's sleep at night 2 or 3 times per night, per week; in other words, Plaintiff was on call duty 24-hours per day and could only sleep at night when the Patient was sleeping at night and must wake whenever the Patient was awake.

19. That at all times hereinafter mentioned, Plaintiff's caregiving services to each Patient, including cooking for and serving breakfast, lunch and dinner to Patient; bathing Patient every morning using mechanical device or Hoyer lift; changing Patient's underwear during the middle of the night, every night; helping Patient put on and take off her clothes every day; making Patient's bed every day; washing dishes, laundry and light cleaning; ordering grocery for the house; sit with Patient and watch the Patient eat food and watch television and; physically watching over Patient at all times and remaining within eye and earshot of Patient.

20. That at all times hereinafter mentioned, Plaintiff was on call duty at each Patient's home round-the-clock, 24 hours per day, including waking up in the middle of the night, 2 or 3 times per night, every week, to clean and change Patient due to the patient's medical condition.

8

21. That at all times mentioned, Plaintiff was on call duty 24 hours per day, 7 days per week, 168 hours per week, never having had straight 5-hours of sleep at night on work days, during the entire period Plaintiff was employed.

22. That at all times mentioned, Plaintiff was due the prevailing minimum wage of 9.15 per hour in effect in 2015; $9.60 per hour in effect in 2016 and; $10.10 per hour in effect in 2017, 2018 and 2019 but instead was paid $140 per diem rate which did not provide a premium rate for overtime work.

23. That at all times mentioned, on various days in the period October 2017 to Plaintiff's last day of work in March 2019, Plaintiff worked 24 hours per day, 7 days per week or 168 hours per week, and he was not paid all of the overtime he worked in excess of his regular 40 hours of work per week during this period. Plaintiff seeks compensation for the period of his unpaid wages permissible by law.

24. That at all times mentioned, Defendant, CareCo violated the Connecticut Wage and Hour laws by failing to pay the Plaintiff, a non-exempt employee, overtime compensation of 1 and ½ times for all the work performed in excess of Plaintiff's regular 40 hours work per week during the compensable period permissible by law, in violation of Conn. Gen. Statutes §31-60 and §31-76c.

25. As a result of Defendant, CareCo's unreasonable or arbitrary or bad faith refusal to pay Plaintiff wages for hours worked as defined under Conn. Gen. Statutes §31-58, §31-60 and or §31-76c, Plaintiff is entitled to twice the full amount of such

9

wages and interest, with costs and such reasonable attorney's fees as may be allowed by the court pursuant to Conn. Gen. Statutes §31-68.

**COUNT THREE** (FLSA violation as to Pfanner).

1-14. Paragraphs one (1) through fourteen (14) of Count one are incorporated herein as if fully set forth.

15. WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Pfanner, her agents, servants, employees, and those persons in active concert or participation with Pfanner, or acting in her interest and behalf, from violating the provisions of §§ 207, 211, and 215(a)(2) of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

16. Plaintiff further seeks an award of liquidated damages equal in amount to the unpaid overtime compensation owed, as specifically authorized by § 216(c) of the Act.

1. WHEREFORE, cause having been shown, Plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due Plaintiff, plus an equal amount as liquidated damages, interest, attorney's fee and costs.

**COUNT FOUR** (Violation of C.G.S. § 31-68 as to Pfanner).

1-23. Paragraphs one (1) through twenty-three (23) of Count two are incorporated herein as if fully set forth.

24. That at all times mentioned, Defendant, Pfanner violated the Connecticut Wage and Hour laws by failing to pay the Plaintiff, a non-exempt employee, overtime compensation of 1 and ½ times for all the work performed in excess of Plaintiff's regular 40 hours work per week during the compensable period permissible by law, in violation of Conn. Gen. Statutes §31-60 and §31-76c.

25. As a result of Defendant, Pfanner's unreasonable or arbitrary or bad faith refusal to pay Plaintiff wages for hours worked as defined under Conn. Gen. Statutes §31-58, §31-60 and or §31-76c, Plaintiff is entitled to twice the full amount of such wages and interest, with costs and such reasonable attorney's fees as may be allowed by the court pursuant to Conn. Gen. Statutes §31-68.

**WHEREFORE,** the Plaintiff claims against each defendant, jointly and severally:

1. Judgment;
2. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful;
3. Monetary damages, unpaid wages, including overtime compensation at 1 and ½ times regular wages;
4. Award of unpaid overtime compensation and liquidated damages equal in amount to the unpaid overtime compensation owed, as specifically authorized by § 216(c) of the Act;

5. Damages of twice amount of all unpaid wages (minimum wages and overtime wages), plus attorney's fees and costs pursuant to C.G.S §31-68;

6. Award of 12% interest on each unpaid weekly wage pursuant to Conn. Gen. Stat. Ann. § 31-68 and § 31-265 or, in the alternative, award of 10% interest on each unpaid wage pursuant to Conn. Gen. Stat. Ann. § 37–3a;

7. Award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

8. Award of pre-judgment interest on each unpaid weekly wage and post-judgment interest on all sums recovered, under the FLSA and;

9. Such other, further and additional relief as the court may seem just and equitable.

PLAINTIFF,
OTLAANJANG MOKOBI

By: _____
Nitor Egbarin
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: 860-249-7180, Fax: 860-408-1471
Mobile: 860-680-1448,
Email: Nitoregbarin@gmail.com
Juris No. 307155

A True Copy
ATTEST
Joseph C. Heap II
State Marshal
New London County

12

| | | |
|---|---|---|
| **RETURN DATE: OCTOBER 8, 2019** | : | **SUPERIOR COURT** |
| **OTLAAJANG MOKOBI** | : | **JUDICIAL DISTRICT OF WATERBURY** |
| **vs.** | : | **AT WATERBURY** |
| **CARECO SHORELINE INC., and HELGA PFANNER** | : | **SEPTEMBER 3, 2019** |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is not less than fifteen thousand dollars ($15,000.00), exclusive of interests and costs.

PLAINTIFF,
OTLAANJANG MOKOBI

By: _/s/ illegible signature_
Nitor Egbarin
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: 860-249-7180, Fax: 860-408-1471
Mobile: 860-680-1448
Email: Nitoregbarin@gmail.com
Juris No. 307155

13